UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHN MODENA,

    Plaintiff,                              Hon. Janet T. Neff

v.                                               Case No. 1:08 CV 887

FEDERAL HOME LOAN
MORTGAGE CORP., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Duram's Motion to Dismiss, (dkt. #8); Defendant Federal Home Loan Mortgage Corp.'s Motion to Dismiss and for Summary Judgment, (dkt. #13); and Defendant Trott & Trott, P.C.'s Motion to Dismiss, (dkt. #14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

This action concerns a parcel of property which was the subject of a mortgage foreclosure. As discussed below, there is no evidence that Plaintiff ever owned this property or possessed any legal interest therein. Despite possessing no legal or other legitimate interest in the subject property, Plaintiff initiated the present action in state court seeking, apparently, to challenge the foreclosure of the property in question. Defendant Federal Home Loan Mortgage Corp. removed the

matter to this Court. *See* 12 U.S.C. § 1452(f), 28 U.S.C. §§ 1331, 1442. Defendants subsequently filed the aforementioned motions to dismiss. Plaintiff has failed to respond to any of these motions. Despite his inactivity in this case, Plaintiff is well known to the Court. As the Honorable Joseph G. Scoville recently observed, Plaintiff has a history of filing "virtually incomprehensible" and "relentlessly frivolous lawsuits" "written in the pseudo-legalese employed by the tax protester movement." *Modena v. Modena*, case no. 1:08-cv-107, dkt. #7 (W.D. Mich., April 1, 2008). That description applies with equal force to the present action.

In his complaint, Plaintiff asserts that Defendants were unlawfully involved in the repossession of property owned by his wife Kimberly Kay Leer. The warranty deed concerning the property in question reveals that it was purchased by "Kimberly Leer a single woman." (Dkt. #8, Exhibit 1). The mortgage concerning this property identifies the "borrower" as "Kimberly Leer, an unmarried woman." (Dkt. #8, Exhibit 2). The evidence submitted by Defendants establishes that the property in question was purchased, and the mortgage executed, by Kimberly Leer alone. Plaintiff has submitted no evidence demonstrating otherwise. Under Michigan law, women enjoy the right to independently purchase and encumber property, free of the control of their husbands or subsequent husbands. As Michigan law states:

> If a woman acquires real or personal property before marriage or becomes entitled to or acquires, after marriage, real or personal property through gift, grant, inheritance, devise, or other manner, that property is and shall remain the property of the woman and be a part of the woman's estate. She may contract with respect to the property, sell, transfer, mortgage, convey, devise, or bequeath the property in the same manner and with the same effect as if she were unmarried. The property shall not be liable for the debts, obligations, or engagements of any other person, including the woman's husband, except as provided in this act.

Mich. Comp. Laws § 557.21(1).

> Michigan law further provides that:
>
> A married woman may enter into a contract with respect to her separate property as described in [Mich. Comp. Laws § 557.21]. She may bring an action to enforce the contract, recover damages for breach of the contract, or seek other remedy with respect to the contract as provided by law. The married woman shall be personally liable upon the contract and a judgment entered against the woman may be satisfied out of the separate property as described in [Mich. Comp. Laws § 557.21].

Mich. Comp. Laws § 557.24(1).

Plaintiff has failed to submit any evidence demonstrating that he has any legal interest in the property in question. The Court concludes, therefore, that Plaintiff lacks standing to challenge the repossession of property purchased by Kimberly Leer in her individual capacity.

Article III, § 2 of the United States Constitution provides that the "judicial Power" of the United States extends only to "Cases" and "Controversies." Because the terms "case" and "controversy" conceivably encompass many matters more appropriately addressed by the executive or legislative branches of government, these terms have been interpreted as referring to those "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). One element of the case or controversy requirement is that plaintiffs must establish that they have standing to pursue a particular claim. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To establish standing to litigate the claims asserted in this matter, Plaintiff must satisfy three requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, he must have suffered an "injury in fact." An injury in fact is defined as "an invasion of a legally protected interest" which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.*;

*see also*, *Raines*, 521 U.S. at 819 (to satisfy the injury in fact requirement the alleged injury must be "legally and judicially cognizable").

Plaintiff must next establish "a causal connection between the injury and the conduct complained of." In other words, Plaintiff's injury must be "fairly. . .trace[able] to the challenged action of the defendant, and not. . .th[e] result [of] the independent action of some third party not before the court." *Id.* Plaintiff must also establish a likelihood that his injury will be "redressed by a favorable decision." *Id.* at 561. The standing requirement is not to be lightly disregarded. As the Supreme Court has stated, "[w]e have always insisted on strict compliance with the jurisdictional standing requirement" because "federal courts may exercise power only 'in the last resort, and as a necessity.'" *Raines*, 521 U.S. at 819. Finally, Plaintiff bears the burden of establishing that he has standing to assert his claims in a federal forum. *See Lujan*, 504 U.S. at 561.

Defendants have submitted evidence demonstrating that Plaintiff possesses no legal interest in the property purchased by Kimberly Leer and later repossessed. Plaintiff has failed to respond to Defendants' various motions or submit any evidence refuting the evidence submitted by Defendants or the implications thereof. Because Plaintiff has failed to demonstrate that the repossession of the property in question constituted an invasion of *his* legal interests, the Court finds that Plaintiff lacks standing to challenge the repossession in question. Accordingly, the Court recommends that Plaintiff's action be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Duram's Motion to Dismiss, (dkt. #8), be **granted**; Defendant Federal Home Loan Mortgage Corp.'s Motion to

Dismiss and for Summary Judgment, (dkt. #13), be **granted**; and Defendant Trott & Trott, P.C.'s Motion to Dismiss, (dkt. #14), be **granted**; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  February 11, 2009         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge